UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS, JR.,

        Plaintiff,

   v.

JOHN GEORGE ROBERTS, et al.,

        Defendants.

Case No. C22-1385-BJR-SKV

REPORT AND RECOMMENDATION

      Plaintiff John Robert Demos, Jr., a bar-order litigant, presents to the Court for filing an application to proceed *in forma pauperis*, Dkt. 1, and a *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), civil rights complaint, Dkt. 1-1.  Plaintiff brings claims against United States Supreme Court Chief Justice John G. Roberts, Deputy Clerk Sara Simmons, and Clerk Scott Harris.  He alleges violation of his constitutional rights through a September 1, 2022 letter from the Supreme Court returning documents Plaintiff sought to file with the Court and advising that future filings would be discarded.  *See* Dkts. 1-1 & 1-2.

      Plaintiff is well-known locally and nationally as an abusive litigant.  He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court.  *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993).  In this Court, Plaintiff is permitted

REPORT AND RECOMMENDATION - 1

to submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, No. C91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). *See also Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997) (providing for the return without filing of any petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee). Plaintiff must also, under 28 U.S.C. § 1915(g), demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

Plaintiff seemingly asserts imminent danger in his proposed complaint. *See* Dkt. 1-1 at 4 ("Plaintiff pleads 'imminent danger.'"). But even assuming his assertion constitutes a "plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing[,]" *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (internal citations omitted), Plaintiff has already reached his yearly filing limit. *See, e.g., Demos v. Wash. State Dep't of Corr.*, C22-0507-JCC-DWC (W.D. Wash. 2022); *Demos v. Wash. State Dep't of Corr.*, C22-0502-LK-JRC (W.D. Wash. 2022); *Demos v. State of Wash. et al.*, C22-0489-RSM-BAT (W.D. Wash. 2022); *Demos v. Satterberg*, C22-0271-JHC (W.D. Wash. 2022). He is therefore precluded from proceeding IFP in this action.

Nor does it seem likely this action would proceed even if Plaintiff were to pay the filing fee. For example, in order to state a *Bivens* claim, a plaintiff must show (1) a right secured by the Constitution of the United States was violated and (2) the alleged violation was committed by a federal actor. *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). Plaintiff does here invoke provisions of the Constitution in his proposed complaint, alleging, *inter alia*, that the

REPORT AND RECOMMENDATION - 2

Supreme Court's action in returning his filing and advising future filings would be discarded violates his First Amendment right to petition the Court. Dkt. 1-1 at 4. However, in so doing, Plaintiff appears to take issue with the Supreme Court's execution of its pre-filing bar order and without setting forth a sufficient basis for such a challenge. Plaintiff also names defendants protected by absolute judicial and quasi-judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991) (judicial immunity); *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) (quasi-judicial immunity for court clerks).

Plaintiff therefore fails to state a claim under *Bivens* and the Court recommends his IFP application, Dkt. 1, be DENIED and this action be DISMISSED without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that the Court may deny an application to proceed IFP and should dismiss a complaint if it is frivolous or fails to state a claim upon which relief may be granted). A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 4, 2022.**

Dated this 7th day of October, 2022.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3